UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DUMEL TUCKER,

    Petitioner,
 v.               9:19-CV-1096
                    (MAD/TWD)
EARL BELL, Superintendent, Clinton Corr. Facility
Annex,

    Respondent.
_____

APPEARANCES:             OF COUNSEL:

DUMEL TUCKER
Petitioner, pro se
13-A-2713
Clinton Correctional Facility – Annex
P.O. Box 2002
Dannemora, NY 12929

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I. INTRODUCTION**

  Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Additionally, petitioner filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 2, IFP Application.

  On September 6, 2019, the Court administratively closed the action because it had not been properly commenced: petitioner did not pay the statutory filing fee or file a properly certified in forma pauperis ("IFP") application. Dkt. No. 3. On September 19, 2019, the Court received a second IFP Application, and the case was reopened. Dkt. No. 4, Second IFP Application; Dkt. No. 5, Text Order Reopening Case.

On September 30, 2019, the Court denied petitioner's second improperly certified IFP application and directed him, within the next thirty (30) days, to either pay the filing fee or properly complete the IFP application. Dkt. No. 6. On October 18, 2019, petitioner remitted the statutory filing fee. Dkt. Entry dated 1018/19 (identifying receipt information for the filing fee transaction).

## II.     THE PETITION

Petitioner challenges a 2015 judgment of conviction in Albany County, upon a guilty plea, of first degree robbery. Pet. at 1; *see also People v. Tucker*, 161 A.D.3d 1481, 1481 (3rd Dep't 2018).[1] The New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment of conviction, and, on July 31, 2018, the New York Court of Appeals denied leave to appeal. Pet. at 3-4; *Tucker*, 161 A.D.3d at 1483, *lv. denied*, 31 N.Y.3d 1153 (2018).

Petitioner states that he also has filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10 ("440 motion") and a writ of error coram nobis. Pet. at 7-8. Petitioner does not indicate when either of these motions were filed; however, he represents that both of them are still pending in state court. *Id.*

Petitioner contends that he is entitled to habeas relief because (1) his guilty plea was not knowingly, voluntarily, or intentionally entered (Pet. at 6) and (2) his counsel was constitutionally ineffective (*Id.*). Petitioner also seeks to include the claims that he is presently litigating in his 440 and coram nobis motions in his habeas petition. Pet. at 7-8 (noting expressly and unambiguously on the petition that petitioner is "requesting to include

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[the still pending motions] in [his] petition."). For a more complete statement of petitioner's claims, reference is made to the petition and supporting exhibits.

## III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, from the face of the petition, it is clear that petitioner's claims have not been properly exhausted. Petitioner states that both his 440 and coram nobis motions are still pending in state court. However, it is unclear when petitioner commenced either claim or what their current status is. Accordingly, petitioner is given leave to file an amended petition within thirty (30) days of the filing date of this Decision and Order that clarifies the procedural

3

posture of those motions.

To the extent petitioner seeks to amend his petition to include the additional claims that he is presently exhausting via his 440 coram nobis motions, such a request is, at this point, denied for several reasons.[2]

Motions to amend habeas petitions are governed by Rule 15 of the Federal Rules of Civil Procedure. *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servcs.*, 235 F.3d 804, 815-16 (2d Cir. 2000); *see* 28 U.S.C. § 2242 (a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). Under Rule 15(a)(2), a party may amend its pleadings upon consent of the opposing party or leave of the court, and "court[s] should freely give leave when justice so

---

[2] Depending on when petitioner commenced his collateral attacks on his state court conviction, the best course of action may be to voluntarily withdraw the current petition, finish exhausting petitioner's state court remedies, and then refile the habeas petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012). For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.3d at 16.

In this case, petitioner's conviction was affirmed by the Court of Appeals on July 31, 2018. Pet. at 3-4; *Tucker*, 31 N.Y.3d at 1153. Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on October 29, 2018, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until October 29, 2019, to file a timely federal habeas petition.

So long as petitioner's 440 motion and writ of error coram nobis were filed prior to the termination of the aforementioned statute of limitations – which it appears they were since the present petition, filed on August 26, 2019, referenced both motions pending in state court – statutory tolling is triggered. However, without knowing when either motion was filed, or decided, in state court, it is impossible to calculate which is the better option – voluntarily dismissing and refiling or continuing with the present petition.

4

requires." FED. R. CIV. P. 15(a)(2). A court may deny a motion to amend where the proposed amendment would be futile. *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002).

Here, even before reaching the merits of the motion, the submission presently before the Court is not in compliance with N.D.N.Y. Local Rule 7.1(a)(4). This alone is a sufficient reason to deny petitioner's motion to amend. Moreover, petitioner has admitted the claims are unexhausted because they are still pending in state court. Pet. at 7-8. A motion to amend filed prior to the exhaustion of petitioner's state court remedies would be denied as futile. *See Simpson v. Yelich*, No. 9:18-CV-0417 (GTS/TWD), 2018 WL 4153928, at *3 (N.D.N.Y. Aug. 30, 2018) (citations omitted) (denying motion to amend a petition to add an admittedly unexhausted claim as futile).

Accordingly, until the claims sought to be added within the 440 and coram nobis motions have been exhausted in the state courts, it is inappropriate to seek their inclusion in the pending habeas petition via a motion to amend. This is because any such amendment would be futile.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner has thirty (30) days to amend the present petition and clarify when the motions collaterally attacking his state court conviction were filed and what their procedural posture is; and it is further

**ORDERED** that the Clerk is directed to provide petitioner with a blank § 2254 habeas petition for that purpose. If petitioner chooses to clarify the procedural posture of his claims

5

via a motion to amend, petitioner shall fully complete each and every part of the blank petition, including the parts that require him to state the name and location of the court that entered the judgment of conviction, the date of the judgment of conviction, the offense(s) for which he was convicted, the length of the sentence he received, and the date on which the court imposed the sentence.  The amended petition must clearly list the date(s) on which petitioner filed any application(s) for state post-conviction or other collateral review concerning the subject conviction, including any direct appeal, and any post-conviction motions to vacate his conviction or modify his sentence, the name and location of the court in which he filed each application and the date on which each court denied each application. Petitioner must also clearly state each claim he wants the court to consider, and the facts supporting each claim, in the petition.

Petitioner must not incorporate any portion of any prior petition into his amended petition by reference.  Petitioner must include all relevant information in the amended petition in accordance with the terms of this Decision and Order; and it is further

**ORDERED** that if petitioner fails to clarify the procedural posture of his currently pending state court actions **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order; and it is further

**ORDERED** that upon the filing of any motion to withdraw or amend the petition, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 4, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge