UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DUMEL TUCKER,

        Petitioner,
   v.                                                     9:19-CV-1096
                                                            (MAD/TWD)
EARL BELL, Superintendent, Clinton Corr. Facility
Annex,

        Respondent.
_____

APPEARANCES:                                              OF COUNSEL:

DUMEL TUCKER
Petitioner, pro se
13-A-2713
Clinton Correctional Facility – Annex
P.O. Box 2002
Dannemora, NY 12929

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

     Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] On November 4, 2019, petitioner was directed to amend his petition to both clarify when his state court motions collaterally attacking his underlying conviction were filed and inform the Court of those motions' procedural postures. Dkt. No. 7, Order dated 11/04/19 ("November Order"). On November 20, 2019, in compliance with the

---

[1] Petitioner's case was administratively closed twice, for failure to properly commence it. Dkt. Nos. 2, IFP Application; 3, Order Directing Administrative Closure; 4, Second IFP Application; 5, Text Order Reopening Case; and 6, Order. On November 4, 2019, after receiving the statutory filing fee, Dkt. Entry dated 10/18/19, the Court conducted an initial review.

Court's November Order, petitioner filed an Amended Petition. Dkt. No. 8, Amended Petition ("Am. Pet.").[2] For the reasons that follow, petitioner is given one final opportunity to amend his petition and address the issues discussed herein.

## II. THE AMENDED PETITION

Petitioner again challenges a 2015 judgment of conviction in Albany County, upon a guilty plea, of first degree robbery. Am. Pet. at 1-2; *see also People v. Tucker*, 161 A.D.3d 1481, 1481 (3rd Dep't 2018).[3] The New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment of conviction, and, on July 31, 2018, the New York Court of Appeals denied leave to appeal. Am. Pet. at 2-3; *Tucker*, 161 A.D.3d at 1483, *lv. denied*, 31 N.Y.3d 1153 (2018).

The amended petition definitively states that petitioner filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10 ("440 motion") and a writ of error coram nobis: both of which are still pending in the state courts. Am. Pet. at 6-7. However, petitioner again failed to indicate when either of these motions were filed. *Id.*

Petitioner also repeats his arguments that he is entitled to habeas relief because (1) his guilty plea was not knowingly, voluntarily, or intentionally entered (Pet. at 6; Am. Pet. at 5) and (2) his counsel was constitutionally ineffective (Pet. at 6; Am. Pet. at 5). Petitioner unequivocally seeks to include the claims that he is presently litigating in his 440 and coram nobis motions in his habeas petition; however, it is unclear what the factual basis of those claims are. Am. Pet. at 6-7 (noting expressly and unambiguously on the petition that

---

[2] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

[3] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

petitioner is "requesting to include [the still pending motions] in [his] petition" and referencing the arguments he made in his state court submissions; however, failing to provide any additional details within the petition or attach said memoranda to his amended petition).

## III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, from the face of the amended petition, it is clear that petitioner's claims have not been properly exhausted. Petitioner states that both his 440 and coram nobis motions are still pending in state court. Accordingly, the highest state court capable of reviewing petitioner's claims has not yet had the opportunity to do so. *See Brown v. Ercole*, No. 1:07-

CV-2611, 2007 WL 2769448, at *1 (E.D.N.Y. Sept. 21, 2007) (explaining that tolling pursuant to the AEDPA occurs "while state post-conviction motions are pending. . . . Therefore, once the Court of Appeals issued its order denying leave to appeal, the *coram nobis* petition was no longer pending because no further state court remedies were available.").

There is no basis on the record before this Court to conclude that there is an absence of available state corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and is in the process of exhausting those remedies by pursuing his collateral 440 and coram nobis motions. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

What remains unclear to the Court is whether this petition was filed as a protective filing – whereupon the Court must determine whether a stay and abeyance is appropriate – or whether the petition is premature and should be dismissed without prejudice to refiling once petitioner has pursued and exhausted all the claims he wants to raise in the state courts. *Compare Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (noting that a stay and abeyance may be warranted "where an outright dismissal" of a mixed petition "could jeopardize the timeliness of a collateral attack") *with Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without

4

prejudice.  This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.").  Answering this question depends on when petitioner commenced his collateral attacks on his state court conviction.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions.  28 U.S.C. § 2244(d)(1).  The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).  For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case.  *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548.  The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run."  *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam).  The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken.

*Saunders*, 587 F.3d at 548; *Smith*, 208 F.3d at 16.

In this case, petitioner's conviction was affirmed by the Court of Appeals on July 31, 2018. *Tucker*, 31 N.Y.3d at 1153. Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on October 29, 2018, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until October 29, 2019, to file a timely federal habeas petition.

It appears that statutory tolling applies because the original petition, filed on August 26, 2019, referenced both motions pending in state court. Pet. at 7-8. Moreover, it seems that the statute of limitations is still being tolled because the amended petition, filed November 20, 2019, explicitly states that the motions remain pending in state court. Am. Pet. at 6-7. However, the Court does not want to assume tolling saves the present petition. Thus, without knowing exactly when petitioner's state court motions were filed, it is impossible to calculate which is the better option – dismissing and refiling the petition or continuing with the present action.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner has thirty (30) days to amend the present petition and specify when the motions collaterally attacking his state court conviction were filed so that the Court may then decide whether the petition should be dismissed without prejudice to refiling or continue on; and it is further

**ORDERED** that the Clerk is directed to provide petitioner with a blank § 2254 habeas petition for that purpose. **The amended petition must clearly list the date(s) on which**

**petitioner filed any application(s) for state post-conviction or other collateral review concerning the subject conviction, including any direct appeal, and any post-conviction motions to vacate his conviction or modify his sentence, the name and location of the court in which he filed each application and the date on which each court denied each application.** Petitioner must also clearly state each claim he wants the court to consider, and the facts supporting each claim, in the petition.

Petitioner must not incorporate any portion of any prior petition into his amended petition by reference. Petitioner must include all relevant information in the amended petition in accordance with the terms of this Decision and Order; and it is further

**ORDERED** that if petitioner fails to file a second amended petition which complies with this Order, **within thirty (30) days** of the filing date of this Decision and Order, **the Clerk shall enter judgment dismissing this action without further order**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 9, 2019
      Albany, New York

Mae A. D'Agostino
U.S. District Judge